HORACE E. BUCK, executor, in equity,

*vs.*

A. W. PAINE and another, trustees.

Penobscot.    Opinion July 31, 1883.

*Will.    Trust.*

S. R. by his will devised to the respondents one-half part of his real and personal estate to hold in trust for the equal use and benefit of his grandchildren, T. S. R. and S. H. R. for the term of three years, at the end of which time the trust was to cease, and each one's share to go them respectively, and in this clause of the will authorizing the trustees, before the expiration of said three years to pay or deliver over to them such part of the estate in their hands as they may deem prudent and that their receipts therefor should be sufficient vouchers in probate. The trustees at the request of S. H. R. then wife of the complainant, advanced her eighteen hundred dollars to purchase the note and mortgage set forth in the bill, for her benefit, which they did, taking her receipt signed by her husband acting in her behalf for the same towards

her portion, and charging her with the sum as paid her and giving a memorandum that the note and mortgage was held by them for her benefit and was to be assigned to her at her request. *Held;*

1. That the sum of eighteen hundred dollars was an advance to her under the will and was her estate;

2. That being her property the purchase of the mortgage and note was with her funds;

3. That the respondents held the same in trust for her; and that she was entitled to an assignment of the same;

4. That on her death her executor was authorized to demand and entitled to receive an assignment of the same and that equity would compel such assignment.

BILL IN EQUITY.

Heard on bill, answer and proofs.

The opinion states the material facts.

*Barker, Vose and Barker*, for the plaintiff, cited : *Baker v. Vining*, 30 Maine, 121; *Dwinel v. Veazie*, 36 Maine, 509; *Buck v. Swazey*, 35 Maine, 42; *Kelley v. Jenness*, 50 Maine, 455; *Dudley v. Bachelder*, 53 Maine, 403; *Park v. Johnson*, 4 Allen, 266.

*A. W. Paine*, for the defendants, contended that the purchase of the mortgage was not, and could not intentionally have been at the wish of Mrs. Buck. That the request being made and receipt given by her husband when she was unable to express a wish or sign a receipt must be held to be unauthorized and void. That the trustees had no right legally to let the money go save only as she wanted it personally, and hence in requiring her consent and request in the paper of February 25, 1882, which they gave to Mrs. Buck's husband for her, they imposed a condition meaning something and measured only by the value of the the whole property at stake. It was in effect a condition to have her bring herself within the condition or position where she could lawfully, under the terms of the will, be made the recipient or the trustees authorized to make an advance.

There should have been a demand before the action was brought. *Lee v. Lanahan*, 59 Maine, 478; *Hosmer v. Clark*, 2 Greenl. 308; *Payne v. Gardiner*, 29 N. Y. 146.

As to the power and authority of the trustees, see, *Waltham Bank v. Wright*, 8 Allen, 121; *Jenney v. Wilcox*, 9 Allen, 245;

*Bradford* v. *Forbes*, 9 Allen, 365; *Wells* v. *Child*, 12 Allen, 333; *Bacon* v. *Pomeroy*, 104 Mass. 585; *M. Nat. Bank* v. *Weeks*, 53 Vt. 115.

APPLETON, C. J. This is a bill in equity to enforce the assignment of a mortgage held by the respondents in trust.

The complainant was the husband of Susan H. Rich and by her last will and testament was appointed executor of the same, and a legatee under its provisions. The bill is brought to enforce a trust in favor of his deceased wife.

By the will of Sylvanus Rich, the respondents were appointed trustees of a certain portion of his estate for the benefit of his grandchildren, Thomas S. and Susan Rich the wife of this complainant, for the term of three years.

The fourth item of the will is in these words: (4) "To Albert W. Paine and Thomas A. Rich, I do give the other half part of all the residue and remainder of my estate, real and personal, subject only to the payment of the other half of my said debts and personal charges. To have and to hold the same to them, the said Paine and Rich, and the survivor of them and their heirs and assigns forever in trust, for the equal use and benefit of my two grandchildren, Thomas S. and Susan H. Rich, children of my deceased son, Henry S. Rich, for the term of three years, at the end of which time the trust shall cease, and each one's share shall then go to said children respectively, together with all the net earnings and income thereof not already then paid or delivered to them respectively. My said trustees are to have the entire control and disposition of said half part of said remainder, see to its care and investment, with full power to sell and convey any part of it as they may think proper and best for the interest of all concerned. They may from time to time *pay or deliver over to said beneficiaries so much and such part of said estate thus in their hands as they may think prudent,* and their receipts therefor shall be sufficient *vouchers in probate.* . . . If either of said children shall die before the trust ceases, his or her legal heirs shall be substituted in place of the deceased in every respect."

Mrs. Buck died before the expiration of the three years speci-
fied in the above item.   By her direction and with her approval
the trustees were induced to and did advance eighteen
hundred dollars to purchase the note and mortgage which the
bill seeks to have assigned.   When the note and mortgage was
purchased, it was assigned to the respondents as executors of
the estate of Sylvanus Rich and for Mrs. Buck on whose account
the purchase was made.

The assignment of the mortgage was made on February 25,
1882.   On the same day, his wife being too ill to sign a receipt,
the complainant gave for her the following :

"$1800.                              Bangor, February 25, 1882.

Received of A. W. Paine and Thomas A. Rich, executors of
the estate of the late Sylvanus Rich, eighteen hundred dollars,
towards my portion of the estate of said Sylvanus Rich, deceased,
under his last will and testament.            Susan H. Buck, by
                                             Horace E. Buck."

At the same time and as part of the transaction, Mr. Paine
acting as executor gave the following memorandum : "Bangor,
February 25, 1882, mortgage made by John Buck to Joseph L.
Buck and by him this day assigned to the executors of the estate
of Sylvanus Rich, bearing date January 20, 1874, and recorded
book 147, page 20, of Hancock registry, and the notes secured
thereby are held by us for her benefit and to be assigned to her
on her request, and all moneys received on same to be hers and
paid over to her, the above named Susan H. R. Buck at once.
                         Albert W. Paine, for executors."

In the account of Mr. Paine as executor of the estate of
Sylvanus Rich and trustee under his will with Susan H. Buck is
found the following entry :

"1882, February 25, paid you as per receipt, $1800.00."

The bill alleges a request on the respondents to assign the
mortgage and a refusal.

Here was an advance made by the trustees.   It was made in
pursuance of the authority given by the will.   A voucher was
duly given.   It might be under the hand of the beneficiary under

the will or under that of any agent she might appoint. There is nothing which precludes or forbids a payment on her order any more than to herself. Being paid, the voucher given, the payment vested in her. The receipt though signed by the husband, if authorized, did not prevent its vesting. The mortgage was purchased with money advanced and charged to her account. No question was made or doubt raised as to the prudence of the advance. The respondents took the assignment in their name and admit it was in their name "for her benefit and to be assigned to her on her request and all moneys received on the same to be hers and paid over to her, the above named Susan H. R. Buck, at once." Here is obviously a trust. The mortgage was Mrs. Buck's. The money received from it was hers. Being hers she had full right of disposition of the mortgage and the plaintiff has a right as her executor that the trust be enforced for the benefit of her estate.

The respondents interpose various objections to the above result.

(1.) It is insisted that Mrs. Buck at the time of the transaction in question was mentally incompetent to transact any business. The evidence on this point is contradictory, but without going into a minute examination of the testimony of the witnesses it is sufficient to say that the evidence fails to satisfy us of such incompetency. Sanity is the legal presumption and it is not disproved.

(2.) It is urged that "it was to be assigned to her on her request" and that this was a condition precedent; that she has never requested such assignment, and therefore that the bill is not maintainable.

But the money with which the purchase was made has been charged to her and a sufficient receipt taken, the husband having authority to give it. The mortgage having been purchased with her funds, it was her property and though the assignment runs to the trustees, it is none the less in equity hers. Being hers, the executor of her estate is entitled to an assignment of the same. A demand by such executor was all that was required.

No one else, after her death was authorized to make the demand but her legal representative and he duly made it.

*Bill sustained. Decree as prayed for, with costs.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.